**AIR LINE PILOTS ASSOCIATION, IN-TERNATIONAL, an unincorporated association, Clarence N. Sayen, etc., et al., Plaintiffs-Appellants,**

v.

**Elwood R. QUESADA, individually and as Administrator of the Federal Aviation Agency, Defendant-Appellee.**

No. 218, Docket 26432.

United States Court of Appeals Second Circuit.

Argued Jan. 20, 1961.

Decided Feb. 9, 1961.

Samuel J. Cohen, New York City, (Henry Weiss and Herbert A. Levy, Cohen & Weiss, New York City, on the brief), for plaintiffs-appellants.

S. Hazard Gillespie, Jr., U. S. Atty., Southern Dist. of New York, New York City (Robert J. Ward, Sherman J. Saxl, Asst. U. S. Attys., New York City, Daggett H. Howard, Gen. Counsel, William A. Crawford, Jr., Chief Atty., Federal Aviation Agency, Washington, D. C., on the brief), for defendant-appellee.

Before LUMBARD, Chief Judge, and MEDINA and SMITH, Circuit Judges.

PER CURIAM.

This controversy reaches us again upon an appeal from the district court's entry of summary judgment in favor of

the defendant. Suit had been brought against the defendant, Administrator of the Federal Aviation Agency, for a judgment declaring null and void the regulation promulgated by him prohibiting the use of pilots sixty years of age or more in air carrier operations and for an injunction restraining enforcement of the regulation. Plaintiffs' motion for a temporary injunction was denied by the district court. D.C., 182 F.Supp. 595. We affirmed with an opinion in which we held that the promulgation of the regulation came within the rulemaking power of the Administrator under § 4 of the Administrative Procedure Act, 5 U.S.C.A. § 1003, that a hearing was not required by any statute or by the Constitution, and that the age sixty limitation was neither arbitrary nor unreasonable. 2 Cir., 276 F.2d 892.

▮ Thereafter, on the same record, the district court entered summary judgment dismissing the complaint, and the plaintiffs again appeal. No issues not previously considered by us are raised other than the contention that the district judge erroneously vacated a notice of deposition of one Dr. Goddard, a Civil Air Surgeon, and stayed the taking of the deposition of the defendant. The surgeon was not a party to the proceedings and did not reside within the subpoena area prescribed by Rule 45 of the Federal Rules of Civil Procedure, 28 U.S.C.A.; moreover, after the notice was vacated the plaintiffs failed to avail themselves of any other means to take his testimony. Cross-examination of the Administrator with respect to the basis for his policy decision, a matter requiring the exercise of discretion and judgment, would not be proper, United States v. Morgan, 1941, 313 U.S. 409, 422, 61 S.Ct. 999, 85 L.Ed. 1429, and the district court committed no error in staying such an examination.

The record reveals no disputed issues of fact that could have affected the outcome of the case. Accordingly, we affirm the summary judgment entered by the district court